# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NA-QUAN KURT LEWIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1273-RGA |
| DEPARTMENT OF JUSTICE, et al., | : |
| Defendants. | : |

Na-Quan Kurt Lewis, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 4, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Na-Quan Kurt Lewis, a pretrial detainee at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). He has filed several motions and letters including requests for counsel, motions to amend, and emergency requests for release from the HRYCI. (D.I. 5, 6, 10, 11, 12, 13). The Court proceeds to review and screen the operative pleading (D.I. 2, D.I. 5, D.I. 11) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

The Court will grant Plaintiff's motions to amend. (D.I. 5, D.I. 11). The operative pleading consists of docket items 2, 5, and 11. Named defendants include the Delaware Department of Justice, the Wilmington Police Department, the James T. Vaughn Correctional Center, Connections, Christiana Hospital Newark Emergency Room, the New Castle County Police Department, and the Howard R. Young Correctional Institution. Plaintiff alleges violations of the Fifth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments of the United States Constitution. (D.I. 5, D.I. 11).

Plaintiff was indicted on weapons charges and a warrant issued for his arrest on July 11, 2016. (D.I. 2 at 6; D.I. 11-1 at 5). The Wilmington Police obtained a search warrant for his brother's telephone, and it contained a photo of Plaintiff holding an "alleged firearm." (*Id.*). Natalie Woloshin was appointed to represent Plaintiff in the criminal matter. Plaintiff makes numerous complaints about the representation she provided. (D.I. 2 at 6-8; D.I. 11-1 at 6-8).

1

Plaintiff alleges that after Detective Reddick was charged with arson and lying to police, his "whole case was nolle prossed," and he was re-indicted on September 12, 2016, with the same charges. (D.I. 2 at 6; D.I. 11-1 at 5-6); *see also State v. Lewis*, 2018 WL 2970762 (Del. Super. June 8, 2018), *aff'd*, 2018 WL 6015784 (Del. Nov. 15, 2018) (table).

Plaintiff alleges that the proceedings were corrupt and, on July 6, 2017, he was forced to take a plea. (D.I. 2 at 8; D.I. 5; D.I. 11-1 at 7). Plaintiff was sentenced to three years.[1] (D.I. 2 at 6; D.I. 11-1 at 7). Plaintiff alleges that was given three different sentences and that some sentences indicate "no probation" while others indicate "probation." (D.I. 11-1 at 13). He alleges that no one knows what he pled guilty to and that his plea was not willing, knowing, or intelligent, making the plea void.[2]

Plaintiff was transferred from HRYCI to Sussex Correctional Institution to participate in the Key Program. (D.I. 11-1 at 7). He was kicked out of the Key Program and transferred to the James T. Vaughn Correctional Center in Smyrna, Delaware. (*Id.*)

---

[1]Plaintiff filed motions for postconviction relief on two occasions. Both motions were summarily dismissed. *See State v. Lewis*, 2018 WL 2970762 (Del. Super. June 8, 2018), *aff'd*, 2018 WL 6015784 (Del. Nov. 15, 2018) (table); *State v. Lewis*, 2019 WL 413661 (Del. Super. Feb. 1, 2019).

[2]This is Plaintiff's second attempt to have the Court intervene in his 2016 criminal case. *See Lewis v. Reddick*, 17-359-RGA (D. Del. May 31, 2017) (dismissed as frivolous and based upon immunity from suit). It is clear from the face of the operative pleading that most of the claims raised regarding the 2016 criminal case are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

2

Plaintiff alleges that while housed at the JTVCC, on April 20, 2018, a sick call slip was submitted in his name. (D.I. 2 at 9; D.I. 11-1 at 8). Plaintiff was transferred to the suicide unit based upon the contents of the sick call slip. (*Id.*). Plaintiff remained there for four days while an investigation was conducted. (*Id.*). Plaintiff alleges that he was housed in a cell with blood, urine, feces, and dirt smeared everywhere. (*Id.*). He was not allowed to shower. (D.I. 2 at 9). Plaintiff alleges that Connections monitors inmates on suicide watch every fifteen minutes, and that Connections personnel were aware of the conditions. (D.I. 2 at 9; D.I. 11-1 at 8). Plaintiff was told that it was up to the Department of Correction to move him. (D.I. 2 at 9). Plaintiff submitted a grievance when he was removed from the suicide watch. (D.I. 2 at 9; D.I. 11-1 at 9).

In June 2018, he was transferred to solitary confinement in the SHU. (D.I. 2 at 9; D.I. 11-1 at 9). Plaintiff alleges that while housed in SHU, a criminal appeal deadline loomed and, after he was refused a law library pass, he threatened suicide. (D.I. 11-1 at 9). After he was transferred to the suicide tier, Plaintiff was seen by a physician who arranged for Plaintiff to receive law library assistance. (*Id.*).

Plaintiff was transferred to the mental health tier on February 27, 2019. (*Id.*). He was told by a counselor that a recommendation had been made to administer psychotropic medication by force and that Plaintiff would meet with the treatment review committee on February 28, 2019. (*Id.* at 10). Plaintiff met with the committee, and it was determined that he did not need the medication. (*Id.*)

3

Plaintiff was released from prison on March 20, 2019. (*Id.*). Plaintiff was arrested on May 16, 2019, for possession of a firearm and disorderly conduct. (D.I. 2 at 8; D.I. 11-1 at 10). Plaintiff alleges that he was injured during a fight; when Officer Bouldin arrived, he roughed up Plaintiff and conducted an unlawful search. (*Id.*). Bouldin cuffed Plaintiff, placed him a police car, rolled up the windows, and after fifteen minutes called an ambulance. (*Id.*). Plaintiff alleges that Bouldin's actions violated protocol and policy. (*Id.*). Plaintiff was taken to Christiana Hospital emergency room, seen by a physician, and cleared by Christiana Hospital medical personnel. (D.I. 2 at 8; D.I. 11-1 at 11). Plaintiff alleges that medical personnel did not provide him treatment, and when he returned to jail, he did not receive medical treatment because Christiana Hospital had cleared him. (*Id.*). Plaintiff alleges that he struggles daily with back pain and nerve damage. (*Id.*).

Plaintiff is now housed at the HRYCI. Plaintiff appeared for a preliminary hearing on May 24, 2019, and advised the court he wished to proceed *pro se* in his pending criminal matter. (D.I. 11-1 at 11). Plaintiff alleges that he did not have a proper preliminary hearing, more than 75 days have passed, he is being "held hostage," and is in "involuntary servitude." (*Id.*).

Plaintiff alleges that on July 18, 2019, C/O Soto refused to call the law library for Plaintiff. (*Id.* at 12). Soto called a "Code 6 refusal to lock in." (*Id.*). Plaintiff alleges that the QRT tried to break his wrist, and he was injured. (*Id.*). Plaintiff refused to walk and was carried upstairs and seen by a nurse who asked if he needed medical treatment, and Plaintiff replied that he did. (*Id.*). After 35 minutes, a nurse arrived to

4

provide treatment. (*Id.*). Plaintiff alleges that C/O Verruci would not allow the nurse to treat Plaintiff and escorted her off the tier. (*Id.*). Plaintiff was transferred to "the hole" for four days. (*Id.*). He submitted two grievances regarding the events.

Plaintiff alleges that he learned his brother had sent him legal mail, and the mail was thrown away by C/O Burley. (*Id.* at 12-13). Plaintiff was told that Burley's actions were illegal. (*Id.* at 13). Finally, Plaintiff alleges that he had a court date on August 15, 2019, and was not taken to court because his name was not on the list. (*Id.* at 13). The matter was rescheduled when Plaintiff did not appear. (*Id.*).

Plaintiff seeks over $300 million in compensatory damages, an immediate release from prison,[3] and reversal of his last conviction for possession of a firearm.[4] (D.I. 11-1 at 4).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d

---

[3] Plaintiff has also filed two letters seeking his immediate release from the HYRCI. (*See* D.I. 12, D.I. 13 and n.3, *supra*). Such relief is not cognizable in a § 1983 action. Plaintiff essentially is challenging the State court criminal proceedings and, therefore, the claim must be raised in his pending criminal proceedings in State court; a federal court generally will not intercede to consider issues that Plaintiff has an opportunity to raise before the State court. *See Younger v. Harris*, 401 U.S. 37 (1971).

[4] *See* n.1, *infra*.

5

448, 452 (3d Cir. 2013); see also 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 U.S. at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§

6

1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment Immunity.** Plaintiff has named as defendants the Delaware Department of Justice, JTVCC, and HRYCI. The DOJ is an agency of the State of Delaware and JTVCC and HRYCI fall under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks v. McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the DOJ, the JTVCC, and the HRYCI are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Court will dismiss the claims against the DOJ, JTVCC, and HYRCI pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as they are immune from suit.

**State Actor.** Christiania Hospital Emergency Room has been named as a defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the

8

violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49.

There are no allegations that Christiana Hospital Newark Emergency Room is a state actor. The Court takes judicial notice that Christiana Hospital is part of ChristianaCare, a private not-for-profit regional health care system. *See* https://christianacare.org/facilities/ (last visited Oct. 31, 2019). In addition, Christiana Hospital Newark Emergency Room is not a person for purposes of § 1983. *See Will*, 491 U.S. at 71.

Christiana Hospital Emergency Room is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). The claim has no arguable basis in law or in fact and Christiana Hospital Emergency Room will be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

**Municipal Liability**. Wilmington Police Department and New Castle County Police Department are named defendants. With respect to these two defendants, *see Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir.1997) ("we treat the municipality and its police department as a single entity for purposes of § 1983 liability."), Plaintiff fails to state a claim. A government entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights. *See City of Canton, Ohio v. Harris*, 489 U.S.

9

378, 388-89 (1989); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff does not allege any policy or custom that caused the alleged constitutional violation. Rather he alleges there was a protocol and policy but Officer Bouldin did not follow it. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Absent any allegation that a custom or policy established by the foregoing Defendants directly caused harm to Plaintiff, his § 1983 claims cannot stand. The claims against Wilmington Police Department and New Castle County Police Department will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Health Care Provider.** Plaintiff has named as a defendant, Connections, the health care provider for the Delaware Department of Correction. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates "deliberate indifference." *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).

In order to establish that Connections is directly liable for an alleged constitutional violation, plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale*, 318 F.3d at 584.

Similar to the municipal Defendants, the operative pleading complaint fails to allege a custom or policy established by Connections that caused harm to Plaintiff. Therefore, the claim against Connections will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Amendment**. Since it appears plausible that Plaintiff may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he is incarcerated, he does not have the funds and resources available to lawyers, he needs assistance with discovery, and he is limited in the things he can do. (D.I. 6, D.I. 10). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[5] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[5]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

At this point, with all claims dismissed, I cannot assume that Plaintiff has any claims with any merit in fact or law. But even assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, there are several factors that militate against granting his requests for counsel. The case is in its early stages, there is no operative pleading and no defendants have been served. The facts alleged do not indicate that if there were a case, it would be so factually or legally complex that seeking to have an attorney represent Plaintiff is warranted. Therefore, the Court will deny Plaintiff's requests for counsel without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motions to amend (D.I. 5, D.I. 11); (2) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 6, D.I. 10); (3) deny Plaintiff's letter requests for release from the Howard R. Young Correctional Institution (D.I. 12, D.I. 13); (4) dismiss the operative pleading as frivolous and based upon Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2); and (5) give Plaintiff leave to file a second amended complaint.

An appropriate order will be entered.