IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NA-QUAN KURT LEWIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 19-1273-RGA |
| | : | |
| CONNECTIONS et al., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM ORDER</u>**

At Wilmington this 5th day of October, 2020;

1.     This case was stayed.   When the stay was lifted on July 17, 2020,

Plaintiff was directed to file his third amended complaint within thirty days of the lifting of

the stay.   (D.I. 28).

2.     Plaintiff did not timely file a third amended complaint and, on September 3,

2020, the Court entered a show cause order for Plaintiff to show cause on or before

September 24, 2020, why the case should not be dismissed for his failure to prosecute.

(D.I. 29).

3.     On September 18, 2020, the Court was advised by the Delaware

Department of Correction that Plaintiff had been released from prison.   Plaintiff did not

provide the Court with a forwarding address.   The Court, however, was advised by

CJIS that Plaintiff was homeless.   (D.I. 31).

4.     Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or

failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of

court . . . ."   Although dismissal is an extreme sanction that should only be used in

limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

     5.    The following six factors determine whether dismissal is warranted:

(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense.  *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019).   The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action.  *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir. 2002).

     6.    Several factors warrant the sanction of dismissal including Plaintiff having failed to comply with Court orders and having failed to provide the Court with his current address, failing to prosecute the case, and appearing to have abandoned the case.

     THEREFORE, it is ordered that:

     1.    The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

     2.    The Clerk of Court is directed to **CLOSE** the case.

      /s/ Richard G. Andrews
     UNITED STATES DISTRICT JUDGE